**REVENUE CABINET, Appellant,**

v.

**SOUTH EAST COAL COMPANY, Appellee.**

No. 89–SC–257–DG.

Supreme Court of Kentucky.

March 15, 1990.

As Modified on Denial of Rehearing June 28, 1990.

Ross T. Carter, Legal Services Section, Revenue Cabinet, Frankfort, for appellant.

Jackson W. White, Stoll, Keenon & Park, Lexington, for appellee.

LAMBERT, Justice.

This Court granted discretionary review of the decision of the Court of Appeals which exonerated appellee, South East Coal Company, from liability for payment of severance tax upon a portion of the ultimate sales price of certain coal it mined and removed between 1977 and 1980. The issue before us is whether a party liable for payment of severance tax may avoid a portion of the tax by transfer of the coal to a sales company which is a wholly owned subsidiary. To resolve the questions presented, we must construe various provisions of KRS 143.010.

South East Coal Sales Company is a wholly owned subsidiary of appellee, South East Coal Company, and is a "related party" within the meaning of KRS 143.010(9). During the relevant period, appellee was a party to sales contracts with two utilities, but its sales company was not a party. Despite this, after appellee mined and removed the coal, ownership was transferred to the sales company for an amount equal to 96% of the contract price, and South East Coal Sales Company consummated the transaction with the ultimate purchasers. In so doing, appellee concluded that it was liable for payment of severance tax only upon the amount it received from the sales company, 96% of the price paid by the ultimate purchasers. As South East Coal Sales Company was not an entity liable for payment of severance tax, the 4% of the purchase price it received was exempted from taxation. Thus, by transferring its coal to a wholly owned subsidiary, appellee sought to avoid payment of severance tax upon 4% of the amount paid by the purchasers. The Revenue Cabinet, relying on the "related party" provision of the Act, disallowed this deduction and assessed the additional taxes against appellee.

Appellee appealed to the Kentucky Board of Tax Appeals and thereafter, the case was decided by the Franklin Circuit Court and the Court of Appeals of Kentucky. It is unnecessary to review the decisions of the Board and the courts below, it being sufficient to observe that at every stage, the issues presented have been painstakingly reviewed. Upon the grant of discretionary review, we must make a final determination.

To resolve the question presented, we go first to KRS 143.010(6)(a). After defining

"gross value," the statute directs that gross value be reported as follows:

"(a) For coal severed and/or processed and sold during a reporting period, gross value is the amount received or receivable by the taxpayer."

If South East Coal Sales Company had not participated in this transaction, there would be no dispute. Appellee would have sold the coal it produced directly to the public utilities with whom it had contracts and the amount it received would have established gross value. But such is not the case. Instead appellee transferred ownership of the coal to its wholly owned subsidiary, a "related party," and this requires application of section (9) of the Act.

After defining "related party" and establishing standards for determining whether parties are related within the meaning of the Act, section (9) states:

"In the case of related parties, the cabinet may apportion or allocate the receipts between or among such persons, organizations, or businesses if it determines that such apportionment or allocation is necessary in order to more clearly reflect gross value."

Thus, when related parties are involved in a transaction, the Revenue Cabinet may allocate receipts between them to achieve a proper determination of gross value as required by section (6)(a), and nothing in section (9) of the Act prohibits allocation of amounts received by either party to either party. From the facts in evidence which include the contracts between appellee and the utility companies and the absence of any contractual relationship between the sales company and the purchasers, Revenue was entitled to determine that in order to more clearly reflect gross value, the amount received by South East Coal Sales Company should be allocated entirely to appellee South East Coal Company.

The Court of Appeals went astray on the concept of fair market value. In many cases gross value and fair market value are the same, but in a proper case, gross value may exceed or fall below fair market value. When gross value is less than fair market value, the Act fixes fair market value as a floor to prevent fraudulent transactions between related parties. See KRS 143.-010(6)(c). In other cases for coal sold during a reporting period, section (6)(a) requires computation of gross value upon the amount received or receivable whether such amount is the same or exceeds fair market value. Thus, in the absence of a contention that the price received is less than fair market value, section (6)(c) is not controlling.

Revenue was within its discretion in determining that the price received by the sales company reflected gross value.

The opinion of the Court of Appeals is reversed, and this cause is remanded to the Franklin Circuit Court for enforcement of its judgment.

All concur.